STATE OF NORTH CAROLINA v. LAVORIS MONTEIZ BATTLE

No. COA03-484

(Filed 2 August 2005)

**1. Appeal and Error— preservation of issues—grounds for objection—difference between trial and appeal**

Defendant did not preserve for appeal his contention that a detective's opinion amounted to an impermissible opinion about guilt where his objection at trial was based on hearsay.

**2. Appeal and Error— preservation of issues—sufficiency of evidence—motion at trial required**

A defendant must move to dismiss a criminal charge in the trial court to preserve sufficiency of evidence for appellate review; here, defendant's assignment of error alleging plain error in this regard was dismissed.

**3. Sentencing— aggravating factor—*Blakely* error—jury finding required**

Defendant was awarded a new sentencing hearing where his sentence was enhanced beyond the presumptive range based upon a factor not submitted to the jury and proven beyond a reasonable doubt.

Appeal by defendant from judgment entered 27 September 2002 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 15 November 2004.

*Roy Cooper, Attorney General, by Sonya M. Calloway, Assistant Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for the defendant.*

MARTIN, Chief Judge.

Defendant was found guilty by a jury of robbery with a dangerous weapon. The trial court determined that defendant had a Prior Record level II and found as a factor in aggravation of sentencing that defendant "joined with more than one other person in committing the offense and was not charged with committing a conspiracy." Defendant was sentenced in the aggravated range to imprisonment for a minimum term of 95 months and a maximum term of 123 months. Defendant appeals.

The evidence before the trial court tended to show that on 23 December 2001, an individual wielding a sawed-off shotgun robbed the Citgo Food Mart in Grimesland, North Carolina. The robber ordered the two employees to open the cash register and then lie on the floor, and he took $1,665 from the register. Two surveillance cameras captured the robbery on tape. The gunman was wearing dark pants and a long black coat, and his face was covered by a t-shirt or towel.

Three similar robberies occurred between December 2001 and March 2002. Police believed the three robberies were committed by the same perpetrator since the robber wore a long black coat and hid his face in at least three of the four robberies. Detective Phillip Moore of the Pitt County Sheriff's Department testified that he arrested Quincy Taft, Reginald Daniels, and defendant for the robbery in question.

Detective Moore testified, based on information provided to him by Daniels, that his investigation revealed defendant to have been the gunman at the December 23rd robbery. Upon defendant's objection based on hearsay, the trial court admitted the testimony for the limited purpose of corroborating the testimony of Daniels, who had not yet testified, and instructed the jury accordingly. Detective Moore also testified that Daniels had not been truthful with him about the robbery in question on several occasions and had attempted to minimize his involvement.

Daniels testified at trial that defendant called him and asked him for a ride so he could rob the Citgo store. Daniels picked up defendant and Quincy Taft at defendant's house; defendant was carrying a sawed-off shotgun and was wearing dark clothes. Daniels drove defendant to a place near the store and let him out of the car. Defendant wrapped a t-shirt around his head and ran toward the store; Daniels drove a distance, then turned around and returned to the area and saw defendant running down the road. He picked defendant up and took him back to his house, where the three men counted the money. Defendant gave Daniels about $200.

Defendant denied any participation in the robbery. He testified that on the evening in question he was at his mother's house. He left to go to Western Union at Kroger's grocery store to take out money, but it had already closed. On his way back, he stopped to get gas at the Citgo between 10:20 and 10:30 p.m. He returned home, and Sheretha Jones drove him and Quincy Taft to a cousin's house and then to the airport for an early morning flight to Connecticut. The surveillance tapes confirmed that he was at the Citgo buying gas at 10:15 p.m. Ms. Jones's testimony was similar to defendant's, and defendant's cousin confirmed that defendant stopped by his house a little before 11:00 p.m.

Quincy Taft testified that he went with defendant to the Western Union, to the Citgo for gas, and back to defendant's mother's house. Reginald Daniels came to the house, and Daniels and defendant left. When they returned, Taft saw some money lying on a bed, but he did not know where it came from or how it got there. Taft said he did not ride anywhere with Reginald Daniels that night.

---

In the record on appeal, defendant assigns plain error to the admission of Detective Moore's testimony that defendant had been the gunman. He also assigns plain error to the trial court's entry of

judgment, arguing that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Neither of these assignments of error has been properly preserved. By Motion for Appropriate Relief filed in this Court, defendant also asserts that his sentence, in the aggravated range, was "invalid as a matter of law" pursuant to the decision of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). We hold defendant is entitled to a new sentencing hearing.

**[1]** Defendant first argues that the trial court erred in allowing Detective Moore of the Pitt County Sheriff's Department to testify that his investigation had revealed that defendant committed the robbery. On appeal, he argues that such testimony amounted to an impermissible opinion concerning defendant's guilt. His objection at trial, however, was based on hearsay.

Our Courts have consistently held that a defendant may not advance a theory on appeal which was not first argued at trial. *State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988) (citation omitted) (" 'The theory upon which a case is tried in the lower court must control in construing the record and determining the validity of the exceptions.' . . . Defendant may not swap horses after trial in order to obtain a thoroughbred upon appeal"); *State v. Smarr*, 146 N.C. App. 44, 56, 551 S.E.2d 881, 888 (2001), *disc. review denied*, 355 N.C. 291, 561 S.E.2d 500 (2002). Because defendant's objection at trial was based on hearsay, a theory different from that advanced on appeal, we must hold that defendant has not properly preserved the issue for review and we will not consider his argument.

**[2]** Defendant next argues that the trial court committed plain error in entering judgment when insufficient evidence existed to support his conviction. Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure mandates that a defendant must move to dismiss a criminal charge in the trial court in order to preserve the issue of the sufficiency of the evidence for appellate review. N.C.R. App. P. 10(b)(3) (2004) ("A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action . . . at trial"). In the instant case, defendant did not move to dismiss the charge at the close of the State's evidence nor at the close of all the evidence. Accordingly, this assignment of error is dismissed.

**[3]** Defendant has filed a Motion for Appropriate Relief requesting this Court to vacate his sentence and remand the case for resentenc-

ing pursuant to the decision of the United States Supreme Court in *Blakely v. Washington, supra.* In 2000, the U.S. Supreme Court held in *Apprendi v. New Jersey* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000). In *Blakely*, the Court further stated:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely*, 542 U.S. at ——, 159 L. Ed. 2d at 413-14 (citations omitted) (emphasis in original). The holdings in *Apprendi* and *Blakely* apply to cases in which direct appellate review was pending and the conviction had not yet become final on the date *Blakely* was decided, 24 June 2004. *U.S. v. Booker*, 543 U.S. ——, 160 L. Ed. 2d 621, 665 (2005); *State v. Lucas*, 353 N.C. 568, 598, 548 S.E.2d 712, 732 (2001).

In *State v. Allen*, 359 N.C. 425, —— S.E.2d ——(July 1, 2005) (No. 485PA04), the North Carolina Supreme Court held, interpreting *Blakely*, that the provisions of North Carolina's Structured Sentencing Act, specifically N.C. Gen. Stat. § 15A-1340.16(a),(b), and (c), which require the trial court to consider evidence of statutory aggravating factors, other than the fact of a prior conviction, that are not admitted by defendant or found beyond a reasonable doubt by a jury, and that permit the imposition of an aggravated sentence based thereon, violate the Sixth Amendment to the United States Constitution. Moreover, the removal of aggravating factors from jury consideration for sentencing purposes was held by the Court to be structural error, and therefore, reversible *per se. Id.* at 440-41.

In the present case, defendant's sentence was enhanced beyond the prescribed presumptive range based upon a factor which was not submitted to the jury and proved beyond a reasonable doubt. Therefore, the sentence was imposed in violation of defendant's Sixth Amendment right, pursuant to *Blakely*, and such error is reversible *per se*, pursuant to *Allen*. Defendant is entitled to a new sentencing hearing.

No error in defendant's trial.

Remanded for a new sentencing hearing.

Judges McCULLOUGH and STEELMAN concur.